IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>    *Plaintiffs,*<br><br>v.<br><br>JGRT, LLC, a Wisconsin limited liability company,<br><br>    *Defendant.* | Case No. 19-cv-2160<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Arthur H. Bunte, Jr., one of the Funds' present trustees, allege as follows:

### JURISDICTION AND VENUE

1. This is a suit to recover employer contributions owed to the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund," collectively with the Pension Fund, the "Funds") by Defendant in accordance with applicable collective bargaining agreements, participation agreements, and the Funds' respective trust agreements (the "Trust Agreements").

2. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

3. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are "employee benefit plans" as that term is defined in ERISA and are administered at their principal and exclusive place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clauses contained in the Trust Agreements, which designate this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

5. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

6. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

7. The Health Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

8. The Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses of the Health Fund.

9. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Funds as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Funds and their participants and beneficiaries in his capacity as a trustee and fiduciary.

## BACKGROUND INFORMATION

10. Defendant JGRT, LLC ("JGRT") is a limited liability company organized under the laws of the State of Wisconsin.

11. Local Union No. 662 of the IBT ("Local 662") is a labor organization which represents, for the purpose of collective bargaining, certain employees of JGRT and employees of other employers in industries affecting interstate commerce.

12. During all relevant times, JGRT and Local 662 have been parties to collective bargaining agreements pursuant to which JGRT has been required to make contributions to the Funds on behalf of certain of its covered employees.

13. During all relevant times, JGRT and Local 662 have also been parties to participation agreements which require JGRT to pay contributions to the Funds (the "Participation Agreements").

14. JGRT agreed to be bound by the terms of the Trust Agreements and all rules and regulations promulgated by the Funds' trustees thereunder.

15. Under the Trust Agreements, JGRT was required to "remit continuing and prompt Employer Contributions to the [Funds] as required by the applicable collective bargaining agreement ..."

16. Article XIV, Section 4 of the Pension Fund Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled,

this

an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

17. Similarly, Article XI, Section 4 of the Health Fund's Trust Agreement states:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater). Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater

of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

18. The Funds rely upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Funds bill the employers for contributions.

19. Article XI, Section 11 of the Health Fund Trust Agreement and Article XIV, Section 12 of the Pension Fund Trust Agreement provide as follows:

> An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

## STATUTORY AUTHORITY

20. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

21. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of—

   (i)  interest on the unpaid contributions, or

   (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I
## AUDIT FINDINGS

22. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Count I is brought on behalf of both Funds.

24. Pursuant to the Trust Agreements, the Funds are permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

25. The Funds audited JGRT's records to verify the accuracy and completeness of employee work history reported to the Funds by JGRT during the period of December 27, 2009 through December 30, 2017.

26. The audit revealed that JGRT had failed to accurately report the work history of its covered employees.

27. JGRT breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreements, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds for the period of December 27, 2009 through December 30, 2017.

28. JGRT owes the Pension Fund at least $41,749.10 for unpaid contributions (not including interest) for the period of December 27, 2009 through December 30, 2017, as a result of the conduct set forth in paragraph 27.

29. JGRT owes the Health Fund at least $58,867.60 for unpaid contributions (not including interest) for the period of December 27, 2009 through December 30, 2017, as a result of the conduct set forth in paragraph 27.

30. Under the Trust Agreements, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against JGRT and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreements, for:

    (i) the unpaid contributions owed to the Funds by JGRT that were found to be due as a result of the audit;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth

(15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

(iv) attorney's fees and costs; and

(v) audit fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

## COUNT II
## DELINQUENT CONTRIBUTIONS – APRIL 2017 THROUGH SEPTEMBER 2018

31. Plaintiffs hereby reallege paragraphs 1 through 30 as though fully set forth herein.

32. Count II is also brought on behalf of both Funds.

33. Based upon the employee work history reported to the Funds by JGRT, JGRT has breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreements, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds for a period beginning on April 16, 2017 and continuing through at least September 29, 2018.

34. Despite demands that JGRT perform its statutory and contractual obligations with respect to making contributions to the Funds, JGRT has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 33.

35. JGRT owes the Pension Fund at least $34,210.40 for unpaid contributions (not including interest) for a period beginning on April 16, 2017 and continuing through at least September 29, 2018, as a result of the conduct set forth in paragraph 33.

36. JGRT owes the Health Fund at least $22,829.00 for unpaid contributions (not including interest) for a period beginning on April 16, 2017 and continuing through at least September 29, 2018, as a result of the conduct set forth in paragraph 33.

37. The unpaid contributions referred to in the previous two paragraphs are distinct from and in addition to the unpaid contributions referred to in Count I above.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against JGRT and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreements, for:

    (i) the unpaid contributions owed to the Funds based upon the employee work history reported by JGRT;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest

rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

   (c)  For such further or different relief as this Court may deem proper and just.

                    Respectfully submitted,

                    */s/ Corey J. Jahner*
                    Corey J. Jahner (ARDC # 6313125)
                    Central States Funds Law Department
                    9377 W. Higgins Road, 10th Floor
                    Rosemont, Illinois 60018
                    Telephone: (847) 939-2470
                    E-mail: cjahner@centralstates.org

March 28, 2019              ATTORNEY FOR PLAINTIFFS